RECEIVED
08 JAN 25 PM 8:00
U.S. DISTRICT COURT
S.D.N.Y.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
GREAT LAKES BUSINESS TRUST
No. 1998-Dtd 10/10/98 and
GREAT LAKES DREDGE &
DOCK CO., LLC.,

               Plaintiffs,
-against-

M/T ORANGE SUN, her engines, sails,
boilers, tackle, etc., *in rem*; ARTIC
REEFER CORP., INC., and
ATLANSHIP S.A., *in personam*,

               Defendants.
-----------------------------------------------------------X

08 Civ. _____ ( )

JUDGE SWEET
08 CV 0941

**VERIFIED COMPLAINT**



JAN 29 2008
U.S.D.C. S.D.N.Y.
CASHIERS

COMES NOW plaintiffs, Great Lakes Business Trust No. 1998-Dtd 10/10/98 (hereinafter "Trust") and Great Lakes Dredge & Dock Co. LLC (hereinafter "Great Lakes"), and sue the defendants' vessel " ORANGE SUN" ("Vessel") *in rem*, and Artic Reefer Corp., Inc., and Atlanship S.A., *in personam*, for damages resulting from a collision at sea and alleges as follows:

1.     This is a case of admiralty and maritime jurisdiction as conferred upon this Court by 28 U.S.C. §1333, 46 U.S.C. §31325, Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims, and Rule 9(h) of the Federal Rules of Civil Procedure.

2.     Plaintiff, Trust, is a corporation in good standing organized and existing under the laws of the State of Illinois with an office and place of business at 2122 York Road, Oak Brook, IL 60523.

3. Plaintiff, Great Lakes, is a corporation in good standing organized and existing under the laws of the State of Illinois with an office and place of business at 2122 York Road, Oak Brook, IL 60523.

4. Plaintiff Trust is the owner and Plaintiff Great Lakes is the bareboat charterer of the Dredge NEW YORK, Official Number 1077537 ("Dredge"), a 117 foot-long vessel built in the United States, which is was working on behalf of the Port Authority of New York and New Jersey in Newark Bay.

5. Defendant tanker "ORANGE SUN", (call sign A8HY8), ("Vessel"), is a foreign vessel documented under the laws and flag of Liberia. The ORANGE SUN is a 669-foot long, self-propelled vessel built in 2007 and is now and during the pendency of this action will be within this District, at anchor at Bay Ridge Flats, New York Bay, which is within the Southern District of New York and within the jurisdiction of this Honorable Court.

6. At all times relevant hereto, defendant Atlanship, S.A. (Atlanship) was and now is a foreign corporation organized and existing under the laws of Switzerland with an office and place of business at Route de Chailly 1, PO Box 12, CH-1814 La Tour-de-Peilz, Switzerland.

7. At all times relevant hereto defendant Artic Reefer Corp., Inc. (Artic) was and now is a foreign corporation organized and existing under the laws of Liberia.

8. At all times relevant hereto, defendants Atlanship and Artic were the owner, operator, manager and/or charterer of the MT ORANGE SUN.

9. Venue and jurisdiction are proper in that the Vessel is located in this District.

10. Plaintiff has performed all conditions precedent to bringing this action.

**Count I—*In Rem* Claim v. Defendant "ORANGE SUN"**

11. Plaintiff realleges and reaffirms paragraphs 1-9 and further alleges:

12. On the afternoon January 24, 2008, at approximately 1:50 pm (local time), the M/T ORANGE SUN was proceeding on the west side of the channel of Newark Bay between Bayonne and Newark, N.J. While underway in the channel, the ORANGE SUN collided with the Dredge NEW YORK, resulting in severe structural damage to the dredge causing water ingress and the dredge began to sink. After the collision, the crew of the Dredge NEW YORK along with diving salvors hired by Great Lakes worked to repair the hull damage sealing off the area where the dredge was taking on water.

13. The collision and the damages resulting therefrom were not caused or contributed to by any fault or negligence on the part of those in charge of the Dredge NEW YORK but were caused wholly by, and due solely to, fault and negligence on the part of those in charge of the M/T ORANGE SUN in the following particulars, among others, which will be brought out upon the trial:

    1. She was not in charge of competent persons.

    2. She failed to keep a good lookout.

    3. She was proceeding at an immoderate rate of speed under the circumstances.

    4. She failed to keep on her own starboard side of the channel as she was required to do under the provisions of the Inland Rules.

    5. She suddenly and unexpectedly sheered across the channel and into the Dredge NEW YORK.

      6. She failed to stop and reverse her engines when danger of collision was, or should have been, apparent.

      7. She did not do anything to avoid the collision.

14. By reason of the premises and as a result of the collision, the plaintiffs have sustained heavy damage consisting of the cost of salvaging the Dredge NEW YORK, the cost of repairs, the loss of use of the dredge, and other substantial expenses necessarily incurred and to be incurred as a result of the collision which, so nearly can be estimated at present, will amount to about $13 million dollars, no part of which sum has been paid although payment thereof has been duly demanded.

WHEREFORE, Plaintiffs pray that Process for the arrest *in rem* in due form of law, pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims and according to the practices of this Court in admiralty and maritime causes, may issue against the defendant M/T ORANGE SUN, her engines, tackle, equipment, furniture, accessories, etc., causing her to be arrested by the United States Marshal for the Southern District of New York, and that all persons having or claiming any interest therein be cited to appear and answer, under oath, all and singular the matters aforesaid; that the defendant Vessel "ORANGE SUN" be adjudged liable to plaintiffs Trust and Great Lakes in the amount of its claim, $13 million dollars plus interest and late fees, storage and custodial costs, costs, and incidental and consequential damages, together with reasonable attorneys' fees and costs herein; and that the defendant Vessel "ORANGE SUN" be condemned and sold to satisfy plaintiff's claim, with the proceeds distributed according to law; and that the plaintiff may have such other and further relief as the Court may deem just and proper.

## Count II—*In Personam* Claim v. Defendants ARTIC REEFER CORP., INC., and ATLANSHIP S.A. as owners of the MT ORANGE SUN

15. Plaintiffs reallege and reaffirm paragraphs 1-14.

16. At all the times herein mentioned, defendants were and still are the owner, operator, manager and/or charterer and in possession and control of a certain vessel known as the ORANGE SUN.

17. At all the times herein mentioned, the plaintiffs were and still are the owner and bareboat charterer of a certain vessel known as the Dredge NEW YORK.

18. On the afternoon January 24, 2008, at approximately 1:50 pm (local time), plaintiffs were lawfully operating its said vessel over the waters of Newark Bay at a point about ¾ of a mile off shore from Port Newark in the County of Hudson and State of New Jersey.

19. At the time and place, defendants were engaged in operating its said vessel ORANGE SUN in close proximity to the vessel owned and operated by the plaintiffs and so negligently and carelessly operated and controlled the same that it was permitted to and did collide with the vessel owned and operated by plaintiffs and caused the damage to plaintiffs' vessel hereinafter alleged.

20. The said collision and the damage to plaintiffs' vessel resulting therefrom were caused solely by the negligence of the defendants.

21. The negligence of the defendants which will be brought out on trial consisted of:

    1. She was not in charge of competent persons.

    2. She failed to keep a good lookout.

3. She was proceeding at an immoderate rate of speed under the circumstances.

4. She failed to keep on her own starboard side of the channel as she was required to do under the provisions of the Inland Rules.

5. She suddenly and unexpectedly sheered across the channel and into the Dredge NEW YORK.

6. She failed to stop and reverse her engines when danger of collision was, or should have been, apparent.

7. She did not do anything to avoid the collision.

22. By reason of the premises and as a result of the collision, the plaintiffs have sustained heavy damage consisting of the cost of salvaging the Dredge NEW YORK, the cost of repairs, the loss of use of the dredge, and other substantial expenses necessarily incurred and to be incurred as a result of the collision which, so nearly can be estimated at present, will amount to about $13 million dollars, no part of which sum has been paid although payment thereof has been duly demanded.

WHEREFORE, Plaintiffs pray that because of their negligence, defendants ARTIC REEFER CORP., INC., and ATLANSHIP S.A., and each of them, jointly and severally, be adjudged liable to plaintiffs in the amount of $13 million plus interest and late fees, storage and custodial costs, costs, incidental and consequential damages, together with reasonable attorneys' fees and costs herein, and that plaintiff may have such other and further relief as the Court may deem just and proper.

Dated: New York, New York,
      January 25, 2008

Respectfully submitted,

FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiffs

By: _____
Patrick J. Bonner (PB 3352)
80 Pine Street
New York, New York 10005
(212) 425-1900

# VERIFICATION

STATE OF NEW YORK

CITY OF NEW YORK

I, PATRICK J. BONNER, ESQ., am duly sworn and say that I am the attorney of record for Plaintiffs GREAT LAKES BUSINESS TRUST No. 1998-Dtd 10/10/98 and GREAT LAKES DREDGE & DOCK CO., LLC. in this action and that I have read the foregoing Verified Complaint and am familiar with its contents, which are true to the best of my knowledge and belief. The sources of my information and grounds for my belief are documents attached as exhibits, and correspondence and conversations with the Plaintiffs concerning the circumstances and facts set forth in the Verified Complaint. This Verification is made by me because the Plaintiffs are corporations located in Illinois and none of the officers or directors are presently within the District. I state that I am authorized to make this representation on behalf of the Plaintiffs.

_____
PATRICK J. BONNER, ESQ. (PB 3352)