UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GREAT LAKES BUSINESS TRUST
No. 1998-Dtd 10/10/98 and
GREAT LAKES DREDGE &
DOCK CO., LLC.,                                             08 Civ. 0941(Sweet)

                   Plaintiffs,

-against-                                                   **AMENDED
                                                            VERIFIED COMPLAINT**

M/T ORANGE SUN, her engines, sails,
boilers, tackle, etc., *in rem*; ARCTIC
REEFER CORP., INC., and
ATLANSHIP S.A., *in personam*,

                   Defendants.
------------------------------------------------------------X

[RECEIVED AUG 0 5 2008 U.S.D.C. S.D. N.Y. CASHIERS]

       Great Lakes Business Trust No. 1998-Dtd 10/10/98 (hereinafter "Trust") and Great Lakes Dredge & Dock Co. LLC (hereinafter "Great Lakes"), as and for their verified complaint against the vessel M/T ORANGE SUN ("Vessel") *in rem*, and Arctic Reefer Corp., Inc. (hereinafter "Arctic"), and Atlanship S.A. (hereinafter "Atlanship"), *in personam*, by and through their attorneys Freehill Hogan & Mahar, allege upon information and belief as follows:

       1.     This is a case of admiralty and maritime jurisdiction as conferred upon this Court by 28 U.S.C. §2533, 46 U.S.C. §32525, Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims, and Rule 9(h) of the Federal Rules of Civil Procedure.

       2.     Plaintiff, Trust, is a corporation in good standing organized and existing under the laws of the State of Illinois with an office and place of business at 2122 York Road, Oak Brook, IL 60523.

3. Plaintiff, Great Lakes, is a corporation in good standing organized and existing under the laws of the State of Delaware with an office and place of business at 2122 York Road, Oak Brook, IL 60523.

4. Plaintiff Trust is the owner and Plaintiff Great Lakes is the bareboat charterer of the Dredge NEW YORK, Official Number 1077537 ("Dredge"), a 117 foot-long vessel built in the United States, which at all relevant times, was working on behalf of the Port Authority of New York and New Jersey in Newark Bay.

5. Defendant tanker M/T ORANGE SUN, (call sign A8HY8), ("Vessel"), is a foreign vessel documented under the laws and flag of Liberia. The M/T ORANGE SUN is a 669-foot long, self-propelled vessel built in 2007 and is now and during the pendency of this action will be within this District, and within the jurisdiction of this Honorable Court.

6. At all times relevant hereto, defendant Atlanship, S.A. was and now is a foreign corporation organized and existing under the laws of Switzerland with an office and place of business at Route de Chailly 1, PO Box 12, CH-1814 La Tour-de-Peilz, Switzerland.

7. At all times relevant hereto defendant Arctic Reefer Corp., Inc. was and now is a foreign corporation organized and existing under the laws of Liberia.

8. At all times relevant hereto, defendants Atlanship and Arctic were the owners, operators, managers and/or charterers of the MT ORANGE SUN.

9. Venue and jurisdiction are proper in that the Vessel is located in this District.

10. Plaintiffs have performed all conditions precedent to bringing this action.

**Count I—*In Rem* Claim v. Defendant M/T ORANGE SUN**

11. Plaintiffs reallege and reaffirm paragraphs 1-10 and further allege:

12. On the afternoon January 24, 2008, at approximately 1:50 pm (local time), the M/T ORANGE SUN was proceeding in a south, southwesterly direction in Newark Bay. While underway in the channel, the ORANGE SUN collided with the Dredge NEW YORK, resulting in severe structural damage to the dredge causing water ingress and causing the dredge to begin to sink. After the collision, the crew of the Dredge NEW YORK along with diving salvors worked to repair the hull damage sealing off the area where the dredge was taking on water.

13. At all relevant times, the Dredge NEW YORK was stationary and those in charge of the M/T ORANGE SUN were aware that the Dredge NEW YORK was stationary and further, that it was their obligation to steer clear of the Dredge NEW YORK.

14. The collision and the damages resulting therefrom were not caused or contributed to by any fault or negligence on the part of Plaintiffs herein, the Dredge NEW YORK or those in charge of her, but were caused wholly by, and due solely to, fault and negligence on the part of the M/T ORANGE SUN and those in charge of her, in violation of applicable regulations and principles of good seamanship in the following particulars, among others, which will be proven at trial:

   1. She was not placed in charge of competent persons.

   2. She failed to keep a proper lookout.

   3. She was proceeding at an immoderate rate of speed under the circumstances.

4. She failed to steer clear of the Dredge NEW YORK as she was required to do under the provisions of the Inland Rules.

5. She suddenly and unexpectedly sheered across the channel and into the Dredge NEW YORK.

6. She failed to stop and reverse her engines when danger of collision was, or should have been, apparent.

7. Those in charge of M/T ORANGE SUN failed to properly monitor/supervise the helmsman.

**Count II—*In Personam* Claim v. Defendants ARCTIC REEFER CORP., INC., and ATLANSHIP S.A. as owners of the MT ORANGE SUN**

15. Plaintiffs reallege and reaffirm paragraphs 1-14.

16. At all the times herein mentioned, defendants were and still are the owners, operators, managers and/or charterers and in possession and control of the M/T ORANGE SUN.

17. In addition to the negligence and faults on the part of the M/T ORANGE SUN and those in charge of her as outlined in paragraphs 1 through 14 herein, defendants ARCTIC and ATLANSHIP were negligent in that those in charge of the M/T ORANGE SUN did not adequately advise the vessel's pilot regarding the vessel's maneuvering characteristics, and failed to take action when it became apparent that the pilot did not appreciate the vessel's maneuvering characteristics and was not taking sufficient action to avoid striking the Dredge NEW YORK.

18. By reason of the premises and as a result of the collision, the Plaintiffs have sustained damages including but not limited to the cost of salvaging the Dredge NEW YORK, cost of repairs, loss of use of the dredge, and other substantial expenses necessarily incurred and to be incurred as a result of the collision which, so nearly as can be estimated at present, will amount to about $25 million dollars, no part of which sum has been paid although duly demanded.

WHEREFORE, Plaintiffs pray that :

1) process for the arrest *in rem* in due form of law, pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims and according to the practices of this Court in admiralty and maritime causes, may issue against the defendant M/T ORANGE SUN, her engines, tackle, equipment, furniture, accessories, etc., causing her to be arrested by the United States Marshal for the Southern District of New York, and that all persons having or claiming any interest therein be cited to appear and answer, under oath, all and singular the matters aforesaid; and that judgment be entered in favor of Plaintiffs against the vessel M/T ORANGE SUN, *in rem*, in the amount of their claims, $25 million dollars plus interest and late fees, storage and custodial costs, costs, and incidental and consequential damages, together with reasonable attorneys' fees and costs herein; and that the defendant vessel M/T ORANGE SUN be condemned and sold to satisfy Plaintiffs' claims, with the proceeds distributed according to law; and

2) process issue *in personam* against Defendants ARCTIC REEFER CORP., INC., and ATLANSHIP S.A., and that they be found jointly and severally liable to Plaintiffs, and that judgment be entered against them *in personam* in the amount of $25

million plus interest and late fees, storage and custodial costs, costs, incidental and consequential damages, together with reasonable attorneys' fees and costs herein; and

3) Plaintiffs may have such other and further relief as the Court may deem just and proper.

Dated: New York, New York,
      August 4, 2008

Respectfully submitted,

FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiffs

By: *[signature]*
Patrick J. Bonner (PB 3352)
80 Pine Street
New York, New York 10005
(212) 425-1900

## VERIFICATION

State of New York    )
                     ) ss.:
County of New York   )

BEFORE ME, the undersigned authority, a Notary Public duly commissioned and qualified within and for the State and County as aforesaid, personally came and appeared PATRICK BONNER, being by me first duly sworn, did depose and say:

That he is a partner with the law firm of Freehill Hogan & Mahar, LLP, for Plaintiffs, that he has read the foregoing Complaint, and that all and singular the allegations thereof are true and correct to the best of his knowledge, information, and belief; and that the sources of his knowledge and the basis for his belief are information and documents contained in his office files as well as the investigative file of this cause.

The reason this verification is made by deponent is that Plaintiffs are a corporation, none of the officers of which are within this District.

_____
PATRICK BONNER

Sworn to and subscribed before
me this ____ day of August 2008

_____
Notary Public

CLARE HENRY
Notary Public, State of New York
No. 01HE4831-98
Qualified in Kings County
Certificate in New York County
Commission Expires October 31, 2009

NYDOCS1/309836.1